Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

katebolger@dwt.com

July 30, 2026

VIA ECF
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Binance Holdings Ltd. v. Dow Jones & Co., Inc.*, No. 1:26-cv-1980-PAE
     Notice of Supplemental Authority

Dear Judge Engelmayer,

  I am an attorney at Davis Wright Tremaine LLP, counsel for Defendant Dow Jones & Co., Inc. ("Dow Jones") in the above-captioned action.

  I write to inform the Court of a recent decision that was issued after Dow Jones's motion to dismiss the First Amended Complaint in this action was fully briefed. The attached decision in *The New York Times Co. v. Wayfarer Studios LLC*, Index No. 162963/2025 (Sup. Ct. N.Y. Cty.), is relevant to Dow Jones's argument about the interaction between Federal Rule of Civil Procedure 12(b)(6) and the "substantial basis" standard of New York's anti-SLAPP law, Civil Rights Law § 70-a(1)(a).

  Thank you for your consideration.

        Respectfully,

        Davis Wright Tremaine LLP

        Katherine M. Bolger

cc:  All counsel of record (via ECF)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. GERALD LEBOVITS**</u>    **PART**    **07**

*Justice*

-------------------------------------------------------------------------------X

THE NEW YORK TIMES COMPANY,

      Plaintiff,

      - v -

WAYFARER STUDIOS LLC,

      Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 162963/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33

were read on this motion for       SUMMARY JUDGMENT      .

*New York Times Company*, New York, NY (David McCraw and Jackson Busch of counsel), plaintiff pro se.
*Meister Seelig & Schuster PLLC*, New York, NY (Kevin Fritz and Mitchell Schuster of counsel), for defendant.

Gerald Lebovits, J.:

In this anti-SLAPP action, plaintiff, The New York Times Company (NYT Co.) seeks an award of attorney fees from defendant, Wayfarer Studios LLC, following a ruling in NYT Co.'s favor in an earlier federal defamation action that Wayfarer had brought against it.

NYT Co. now moves for summary judgment in its favor; Wayfarer cross-moves to stay this action pending the resolution of trial-court proceedings in the related federal action. NYT Co.'s motion is granted with respect to liability, and granted in part and denied in part with respect to damages. Wayfarer's cross-motion is denied as academic.

## BACKGROUND

On December 21, 2024, *The New York Times* published an article called "'We Can Bury Anyone': Inside a Hollywood Smear Machine," accompanied by a video discussing actor Blake Lively's sexual-harassment and workplace-retaliation complaint arising out of working on the film "It Ends With Us," produced by Wayfarer. (NYSCEF No. 1 at ¶ 11.) Lively had filed the complaint in California state court against Justin Baldoni, the director of the film and Wayfarer's co-founder, and James Heath, Wayfarer's CEO and the film's head producer. (*Id.*) The *Times* article and video relied solely on Lively's complaint (filed with the California Civil Rights Department), in which "she alleged that Mr. Baldoni and Mr. Heath engaged in misconduct on

the set of the film and that Mr. Baldoni subsequently engaged a 'crisis PR' specialist, Melissa Nathan, to tarnish her reputation." (*Id.*)

On December 31, 2024, Wayfarer and its affiliates sued NYT Co., also in California state court, for defamation and false light, but did not serve the complaint on NYT Co. (NYSCEF No. 1 at ¶ 12.) On the same day, Lively sued Wayfarer in the U.S. District Court for the Southern District of New York, also suing various other defendants, including Steve Sarowitz, 'It Ends With Us Movie, LLC,' Melissa Nathan, 'The Agency Group PR LLC,' and Jennifer Abel, Baldoni's publicist. (*Id.* at ¶ 13.) On January 16, 2025, Wayfarer, along with various other plaintiffs, sued Lively and related parties, also in the Southern District of New York. (*Id.* at ¶ 14.) That court consolidated Lively's lawsuit and Wayfarer's countersuit on January 30, 2025. (*Id.*) On January 31, 2025, Wayfarer amended the consolidated complaint to add NYT Co. as a defendant, asserting claims for defamation, false light, promissory fraud, and implied breach of contract. (*Id.* at ¶¶ 15-19.)

NYT Co. moved to dismiss on February 28, 2025. On June 9, 2025, the district court dismissed all claims against NYT Co. with prejudice. The district court rejected the fraud and contract claims as "meritless"; and it dismissed the defamation and false-light claims on privilege, actual-malice, and non-cognizability grounds. (NYSCEF No. 1 at ¶¶ 20–26; NYSCEF No. 3 at 56.)

After the district court's dismissal of those claims, NYT Co. brought this action on September 30, 2025. NYT Co. is seeking attorney fees under New York's anti-Strategic Lawsuits Against Public Participation (SLAPP) statute, Civil Rights Law §§ 70-a and 76-a. (NYSCEF No. 1 at ¶¶ 1, 27.)

NYT Co. now moves under CPLR 3212 for summary judgment in its favor, seeking attorney fees in the amount of $181,622.70. (NYSCEF No. 9 at 1.) Wayfarer cross-moves for a stay of proceedings in this action pending a possible appeal in the federal action. (NYSCEF No. 21.)

After briefing on the current motion and cross-motion, the underlying federal action largely settled. (*See* NYSCEF No. 33 at 1-2 [request to take judicial notice].) As part of the settlement, the settling parties irrevocably waived any right to appeal orders entered in the federal action, including the order dismissing Wayfarer's claims against NYT Co. (*Id.* at 3-4 [notice of settlement and joint stipulation].) NYT Co. asks this court to take judicial notice of the federal settlement. (*Id.* at 1-2.) Wayfarer does not oppose this request.

## DISCUSSION

### I.    Wayfarer's Cross-Motion for Stay

Wayfarer cross-moves for a stay under CPLR 2201 pending the results of the underlying lawsuit. (*See* NYSCEF No. 21.) Wayfarer argues that this action is premature and should be stayed because the anti-SLAPP claim rests on an interlocutory federal dismissal order that Wayfarer intends to appeal upon the eventual entry of final judgment in the district court. (*See* NYSCEF No. 30.) Wayfarer also contends that proceeding in this action creates a risk of

2

inconsistent rulings and wasted judicial resources if the dismissal is later reversed. (*Id.*) In opposing the cross-motion, NYT Co. responds that a stay is unwarranted because Wayfarer's appeal is merely hypothetical, would be meritless, and is assertedly a delay tactic rather than a genuine basis for pausing this action. (*See* NYSCEF No. 31.)

Regardless of the merits of the parties' respective arguments in briefing the cross-motion (on which the court expresses no opinion), that briefing has since been overtaken by events. In particular, NYT Co. has put before this court a so-ordered stipulation waiving all parties' right to appeal rulings rendered in the federal action; and NYT Co. asks this court to take judicial notice of the stipulation. (*See* NYSCEF No. 33.) Wayfarer has not objected to NYT Co.'s judicial-notice request. And this court may properly take judicial notice of court filings in other actions. (*See* CPLR 4511; *RGH Liquidating Trust v Deloitte & Touche LLP*, 71 AD3d 198, 207 [1st Dept. 2009], *revd on other grounds* 17 NY3d 397 [2011].)

Wayfarer's cross-motion to stay is premised on the possibility that Wayfarer would later appeal (and obtain reversal of) the dismissal of its claims against NYT Co. in the federal action. Because the settlement in the federal action waives Wayfarer's right to appeal that dismissal, the settlement obviates any possible need for a stay of proceedings in this action. Wayfarer's cross-motion is therefore denied as academic.

## II.      NYT Co.'s Motion for Summary Judgment

On its motion for summary judgment, NYT Co. argues that it has established as a matter of law that it is entitled to attorney fees under New York's anti-SLAPP law. In particular, NYT Co. contends that the anti-SLAPP law applies because Wayfarer "filed suit in federal court over a newspaper article and video that concern a matter of public interest . . . without a substantial basis in fact and law." (NYSCEF No. 10 at 4.) Crucially, Wayfarer's cross-motion papers do not offer any arguments on the merits of the anti-SLAPP claim—only arguments in support of the now-academic stay request discussed above.[1] This court agrees with NYT Co. that it has shown as a matter of law that it is entitled to summary judgment on liability on its anti-SLAPP claim.

As an initial matter, this court concludes that NYT Co. may bring this action for anti-SLAPP damages based on the resolution in NYT Co.'s favor of defamation claims against it in a prior federal action. Although anti-SLAPP arguments are most commonly raised in the form of a defense or counterclaim to a defamation suit, New York's anti-SLAPP statute is not so limited. Rather, the statute provides that a "defendant in an action involving public petition and participation may maintain an *action*, *claim*, cross claim or counterclaim" to recover damages, including attorney fees. (Civil Rights Law § 70-a [1] [emphases added].) That is, as long as a party is a defendant in *a* SLAPP suit (like NYT Co. was in Wayfarer's federal action), the party may bring a separate, freestanding action for anti-SLAPP attorney fees (as NYT Co. has done here).

---

[1] At most, Wayfarer's papers provide that Wayfarer "reserves the right to substantively oppose the Times's summary judgment motion after the final resolution of the SDNY Action." (NYSCEF No. 22 at 1 n 1 [attorney affirmation].) But following entry of the stipulation in the federal action, Wayfarer neither filed papers opposing the merits of NYT Co.'s request for summary judgment nor sought leave of court to do so.

3

For NYT Co. to recover attorney fees under Civil Rights Law § 70-a [1], it must first establish that the underlying lawsuit consisted of an action involving "public petition and participation" under Civil Rights Law § 76-a [1] [a]. An action will involve public petition and participation for these purposes if the action is based on "any communication in a place open to the public or a public forum in connection with an issue of public interest." (*Id.* § 76-a [1] [a] [1].)

If plaintiff meets the public-participation requirement, then § 70-a [1] [a] allows it to maintain a claim to recover damages. This provision mandates the award of attorney fees "upon a demonstration . . . that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." A motion for summary judgment on an anti-SLAPP claim under § 70-a [1] [a] "shall be granted unless the party responding to the motion demonstrates" that the asserted SLAPP "action, claim, cross claim or counterclaim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law." (CPLR 3212 [h].)

### A. Whether NYT Co. was a Defendant in an Action Involving Public Petition and Participation

NYT Co. argues that the federal action concerns a matter of public interest for Civil Rights Law § 76-a purposes because Wayfarer's lawsuit against NYT Co. resulted from the publication of a news article and a video, and that news websites like that of *The New York Times* are "quintessential public forum[s]." (NYSCEF No. 10 at 5, citing *Reeves v Associated Newspapers, Ltd.*, 232 AD3d 10, 19 [1st Dept 2024], *lv to appeal dismissed* 44 NY3d 990 [2025].) This court agrees.

The underlying federal action here arose from publicly posted media coverage (in the form of both text and video) about a legal proceeding brought by a prominent actress, in which the (administrative) complaint alleged sexual harassment and workplace retaliation on the set of a highly publicized movie. These are matters of public interest. (*See Reeves*, 232 AD3d at 19 [holding that the public-interest element under anti-SLAPP law was satisfied because the article was published on a public news forum and addressed domestic violence and criminal allegations, both recognized matters of public interest].) The court's conclusion on this point is further bolstered by the expansive scope of "matters of public interest" under New York precedent. (*See Aristocrat Plastic Surgery, P.C. v Silva*, 206 AD3d 26, 29-31 [1st Dept 2022] [in anti-SLAPP action, collecting cases illustrating the "broad interpretation" that New York courts have "generally applied . . . to what constitutes a matter of public concern"].) And Wayfarer offers no arguments to the contrary.

Accordingly, because the underlying action arose from communications in a public forum concerning a matter of public interest, NYT Co. has satisfied Civil Rights Law § 70-a's first requirement for anti-SLAPP protection.

4

## B. Whether Wayfarer's Federal Claims Against NYT Co. had a Substantial Basis in Fact and Law

NYT Co. next argues that Wayfarer brought the underlying claims against it "without a substantial basis in fact and law," as evidenced by the district court's dismissal of those claims. (*See* NYSCEF No. 10 at 6; Civil Rights Law § 70-a [1] [a].) This court agrees.

The Appellate Division has made clear that when a given claim is subject to dismissal under CPLR 3211 (a) (7) for failure to state a cause of action, that claim necessarily lacks a "substantial basis" in fact and law. (*See Reeves*, 232 AD3d at 24.) And Federal Rule of Civil Procedure 12 (b) (6) places at least as demanding a pleading burden on plaintiffs as CPLR 3211 (a) (7)—if not a more-demanding burden. (*Compare e.g. Bell Atl. Corp. v Twombly*, 550 US 544, 570 [2007] [holding that to survive a Rule 12 [b] [6] motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"], *with Doe v Bloomberg, L.P.*, 36 NY3d 450, 454 [2021] [explaining that on a CPLR 3211 [a] [7] motion, the court "must give the complaint a liberal construction, accept the allegations as true and provide plaintiffs with the benefit of every favorable inference," and determine whether, "accepting the allegations and affording these inferences, plaintiff can succeed upon any reasonable view of the facts stated"].)

Given the dismissal of Wayfarer's federal claims against NYT Co., those claims lack a substantial basis in fact and law for Civil Rights Act 70-a purposes. And again, Wayfarer has not attempted to dispute this conclusion. The branch of NYT Co.'s motion seeking summary judgment in its favor on liability is granted.

## C. Whether NYT Co. is Entitled to its Claimed Attorney Fees

NYT Co. moves for summary judgment not only on liability, but also on its claimed damages of $181,622.70. That amount comprises $153,074.70 in fees billed by NYT Co.'s outside counsel in the underlying federal action, and $28,548 in fees incurred by NYT Co.'s in-house counsel in this action. NYT Co. supports its fee request with a detailed affirmation from its deputy general counsel (*see* NYSCEF No. 11), accompanied by outside-counsel invoices (*see* NYSCEF No. 16) and in-house-counsel hours logs (*see* NYSCEF No. 19).

Wayfarer does not contest NYT Co.'s fee request. This court nonetheless has an independent obligation to determine whether NYT Co. has established that the amount claimed "is reasonable and warranted for the services actually rendered." (*SO/Bluestar, LLC v Canarsie Hotel Corp.*, 33 AD3d 986, 987 [2d Dept 2006] [vacating and remanding an uncontested attorney-fee award in light of the inadequacy of plaintiff's proof of the amount of its reasonable attorney fees].) This court determines that NYT Co. has shown that it is entitled to most, but not all, of the fees claimed.

With respect to the underlying federal action, this court is satisfied that, given the complex and high-profile nature of that action, the claimed attorney rates and hours billed on NYT Co.'s motion to dismiss are reasonable. However, NYT Co. also seeks to recover amounts in fees billed *after* the district court dismissed Wayfarer's claims against it—primarily fees billed in the course of preparing NYT Co.'s motion for entry of partial judgment under Federal Rule of

5

Civil Procedure 54 (b) to facilitate appellate review of the district court's dismissal order. (*See* NYSCEF No. 16 at 3-8.) This court is unpersuaded that these post-dismissal fees were reasonable for purposes of defending against the underlying anti-SLAPP lawsuit, so as to make them recoverable now as anti-SLAPP damages. Excluding these fees, NYT Co. is entitled to $143,068.20 in damages for the costs of defending the federal action.

With respect to this action, the question is whether NYT Co. should be entitled to recover fees incurred in preparing the fee-request branch of this motion, so-called "fees on fees." This court concludes that given the Legislature's intent in enacting Civil Rights Law § 70-a in its current form—to protect speakers on matters of public concern from being silenced by meritless litigation—awarding fees on fees to prevailing anti-SLAPP defendants will appropriately enable them to recoup fully the costs of their successful defenses. This court therefore agrees with the conclusion of the motion court in *Golan v Daily News* that fees on fees are compensable damages on anti-SLAPP claims. (*See* 2023 NY Slip Op 33135[U], at *2 [Sup Ct, NY County 2023] [Sattler, J.].) And this court is persuaded that both the billing rates and hours logged in this action are reasonable.

NYT Co. is therefore entitled to a total amount in damages of $171,616.20.

**D. Whether NYT Co. is Entitled to Interest on the Damages Awarded**

NYT Co. has not requested prejudgment interest on its claimed damages—whether in its complaint or on this motion. This court concludes that NYT Co. is nonetheless entitled to interest.

CPLR 5001 (a) provides that "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." For these purposes, "property" encompasses both tangible property and intangible property such as money. (*See De Long Corp. v Morrison-Knudsen Co.*, 20 AD2d 104, 110 [1st Dept 1963].) A party suing under Civil Rights Law § 70-a is seeking damages for interference with the possession or enjoyment of intangible property in the form of money—namely the amount of the fees that the party has had to pay its attorneys to defend against (and seek compensation for) a SLAPP suit. (*See Isaly v Garde*, 2024 NY Slip Op 34311[U], at *1 [Sup Ct, NY County 2024] [reaching this conclusion].)

Thus, CPLR 5001 (a), by its terms, requires the award of interest on damages awarded under Civil Rights Law § 70-a. The next question is whether it matters that NYT Co. has never requested interest. The court concludes that it does not matter.

The Court of Appeals has held that pre-verdict interest under CPLR 5001 should be awarded notwithstanding the absence of a demand for interest in the complaint. (*See Dietrick v Kemper Ins. Co.*, 76 NY2d 248, 254 [1990].) The Appellate Division has also held that post-verdict/pre-judgment interest under CPLR 5002 must be awarded "as a matter of right," regardless whether movant has made "a specific demand" for interest in the motion being resolved. (*Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015] [internal quotation marks omitted].) But there appears to be a curious dearth of New York authority on whether a plaintiff

6

(or counterclaimant) that has successfully moved for the award of a money judgment in its favor is entitled to prejudgment interest under CPLR 5001 notwithstanding the absence of a demand in the motion.[2] This court concludes that a plaintiff must be awarded interest under CPLR 5001 regardless of demand.

The relevant language of CPLR 5001 and 5002—providing that interest "shall be recovered"—is the same. The principle underlying pre-verdict and post-verdict interest is the same: That "the breaching party should compensate the wronged party for the loss of use of the money" awarded in damages. (*J. D'Addario & Co. v Embassy Indus., Inc.*, 20 NY3d 113, 117 [2012].) And the Court of Appeals held in *Flamm v Noble* that when the award of interest is a matter of right, a plaintiff's failure at trial to request timely an award of interest, before or after the verdict, does not affect the plaintiff's entitlement to interest.[3] (*See* 296 NY 262, 268 [1947].) These authorities all point in the same direction: A plaintiff otherwise entitled to an award of prejudgment interest under CPLR 5001 (a) as a matter of right does not lose that entitlement by failing to ask for interest.

As for that interest's accrual date, this court concludes, by analogy to attorney-fee awards made under Real Property Law § 234, that interest should accrue from the date on which Wayfarer's claims are determined to have lacked a substantial basis in fact or law within the meaning of Civil Rights Act § 70-a—*i.e.*, the date of this order. (*See Solow Mgt. Corp. v Tanger*, 19 AD3d 225, 226-227 [1st Dept 2005] [holding that for purposes of an award of prejudgment interest "on an award of attorneys' fees pursuant to a residential lease and Real Property Law § 234," interest accrues on the date "on which the party seeking fees was determined to be the prevailing party"].[4])

Accordingly, it is

---

[2] In *Isaly*, the court concluded that interest on anti-SLAPP damages could properly be awarded sua sponte, albeit without an extended discussion of the issue. (*See* 2024 NY Slip Op 34311[U], at *1 n 2.)

[3] Although *Flamm* was applying Civil Practice Act § 480 of the Civil Practice Act, rather than CPLR 5001, the distinction is immaterial for present purposes. Indeed, CPLR 5001 introduced a new provision to eliminate confusion about the entitlement of a successful plaintiff at trial to pre-verdict interest. (*See* CPLR 5001 [c]; Advisory Comm Notes, reprinted following CPLR 5001 [discussing addition of CPLR 5001 [c]].)

[4] In a circumstance in which substantial time elapses between the determination of liability on an anti-SLAPP claim and the determination of the amount of attorney fees to which the plaintiff is entitled to as damages, a question might arise about which point in time is the appropriate accrual date. (*Compare e.g. Miller Realty Assocs. v Amendola*, 51 AD3d 987, 990 [2d Dept 2008] [awarding interest under CPLR 5001 at the midpoint between the motion court's prevailing-party determination and the court's determination of the amount of fees to be awarded the prevailing party], *with Love v State*, 78 NY2d 540, 544 [1991] [holding that under CPLR 5002, interest awarded following a bifurcated trial runs from the determination of liability, not the later determination of damages].) Because this decision addresses both liability and damages, though, this court need not resolve that question here.

Case 1:26-cv-01980-PAE    Document 34    Filed 07/30/26    Page 9 of 9

ORDERED that Wayfarer's cross-motion for a stay is denied as academic; and it is further

ORDERED that the branch of NYT Co.'s motion seeking summary judgment on liability is granted; and it is further

ORDERED that the branch of NYT Co.'s motion seeking summary judgment on damages is granted in part and denied in part as set forth above; and it is further

ORDERED that plaintiff The New York Times is awarded a judgment against defendant Wayfarer Studios LLC of $171,616.20, with interest running at the statutory rate from July 27, 2026, plus costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that NYT Co. serve a copy of this order with notice of its entry on Wayfarer and on the office of the County Clerk (using the NYCEF filing event "Notice to the County Clerk - CPLR § 8019 (c)"), which shall enter judgment accordingly.

**7/27/2026**
**DATE**

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

8